IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

CELLULAR EXPRESS, INC. d/b/a BOSTON
COMMUNICATIONS GROUP AND BOSTON
COMMUNICATIONS GROUP, INC.,

        Plaintiffs,

v.

SMITH BAGLEY, INC. d/b/a CELLULAR ONE
OF NORTHEAST ARIZONA,

        Defendant.

Case: 1:07-cv-00694-RBW

**ANSWER OF SMITH BAGLEY, INC. d/b/a
<u>CELLULAR ONE OF NORTHEAST ARIZONA TO PLAINTIFFS' COMPLAINT</u>**

    The defendant, Smith Bagley, Inc. d/b/a Cellular One Of Northeast Arizona ("Smith Bagley"), hereby responds to the allegations of the Complaint of the plaintiffs, Cellular Express, Inc. d/b/a Boston Communications Group ("CXP") and Boston Communications Group, Inc. ("BCGI") as follows:

    Smith Bagley gives notice that it does not hereby assume any burden of proof that otherwise would rest upon the plaintiffs. Smith Bagley, by listing its defenses, does not concede, explicitly or implicitly, that any or all of the listed defenses are affirmative defenses. Smith Bagley also does not by listing its defenses (here or elsewhere in this Answer) limit Smith Bagley's ability to present any defense that does not need to be identified by Answer.

    1.    Admits in response to the allegations set forth in paragraph 1 of the Complaint only that it entered a Prepaid Connection Agreement with CXP and that CXP and BCGI now allege that Smith Bagley breached that agreement. Further responding, Smith Bagley states that the Prepaid Connection Agreement speaks for itself and denies the allegations to the extent they

are inconsistent with the Prepaid Connection Agreement and any remaining allegations of this paragraph.

2. States in response to the allegations set forth in paragraph 2 of the Complaint that the Prepaid Connection Agreement speaks for itself and denies the allegations to the extent they are inconsistent with the Prepaid Connection Agreement.

3. Admits in response to the allegations set forth in paragraph 3 of the Complaint only that by letter dated January 17, 2006 it terminated the Prepaid Connection Agreement effective as of January 31, 2006 and that this letter referenced the injunction issued by the United States District Court for the District of Massachusetts requiring BCGI's "customers [including Smith Bagley] to use the remainder of their prepaid balances and find an alternative carrier." Smith Bagley denies the remaining allegations of this paragraph.

4. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint.

5. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint.

6. Admits the allegations set forth in paragraph 6 of the Complaint.

7. Admits in response to the allegations set forth in paragraph 7 of the Complaint only that the plaintiffs claim to have suffered in excess of $75,000 in damages exclusive of interest and costs and Smith Bagley denies that it is liable to the plaintiffs for any damages or that the plaintiffs have suffered any damages as a result of the allegations set forth in the Complaint. Further responding, Smith Bagley states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

8. Admits the allegations set forth in paragraph 8 of the Complaint.

9. Admits in response to the allegations set forth in paragraph 9 of the Complaint only that it entered a Prepaid Connection Agreement with CXP on or about March 1, 2000. Further responding, Smith Bagley states that the Prepaid Connection Agreement speaks for itself and denies the allegations to the extent they are inconsistent with the Prepaid Connection Agreement and the remaining allegations of this paragraph. Further responding, Smith Bagley states that the Prepaid Connection Agreement was not attached to the Complaint as an exhibit.

10. States in response to the allegations set forth in paragraph 10 of the Complaint that the Prepaid Connection Agreement speaks for itself and denies the allegations to the extent they are inconsistent with the Prepaid Connection Agreement.

11. States in response to the allegations set forth in paragraph 11 of the Complaint that the Prepaid Connection Agreement speaks for itself and denies the allegations to the extent they are inconsistent with the Prepaid Connection Agreement.

12. States in response to the allegations set forth in paragraph 12 of the Complaint that the Prepaid Connection Agreement speaks for itself and denies the allegations to the extent they are inconsistent with the Prepaid Connection Agreement and that the Prepaid Connection Agreement has not been terminated in its entirety.

13. States in response to the allegations set forth in paragraph 13 of the Complaint that the Prepaid Connection Agreement speaks for itself and denies the allegations to the extent they are inconsistent with the Prepaid Connection Agreement.

14. Admits in response to the allegations set forth in paragraph 14 of the Complaint only that it entered an Addendum to the Prepaid Connection Agreement dated March 30, 2001. Further responding, Smith Bagley states that the March 30, 2001 Addendum speaks for itself and denies the allegations to the extent they are inconsistent with the March 30, 2001 Addendum.

15. States in response to the allegations set forth in paragraph 15 of the Complaint that the Prepaid Connection Agreement and the March 30, 2001 Addendum speak for themselves and denies the allegations to the extent they are inconsistent with the March 30, 2001 Addendum.

16. Admits in response to the allegations set forth in paragraph 16 of the Complaint only that a letter dated July 24, 2001 was sent from Melissa Covington of Smith Bagley to Boston Communications Group. Further responding, Smith Bagley states that the July 24, 2001 letter speaks for itself and denies the allegations to the extent they are inconsistent with the July 24, 2001 letter.

17. Admits in response to the allegations set forth in paragraph 17 of the Complaint only that it entered an Addendum to the Prepaid Connection Agreement dated August 12, 2002. Further responding, Smith Bagley states that the August 12, 2002 Addendum speaks for itself and denies the allegations to the extent they are inconsistent with the August 12, 2002 Addendum.

18. Admits in response to the allegations set forth in paragraph 18 of the Complaint only that it entered an Addendum to the Prepaid Connection Agreement dated January 2004 and that it entered an Addendum to the Prepaid Connection Agreement dated June 21, 2004. Further responding, Smith Bagley states that the January 2004 and June 21, 2004 Addendums to the Prepaid Connection Agreement speak for themselves and denies the allegations to the extent they are inconsistent with the January 2004 and June 21, 2004 Addendums.

19. Admits in response to the allegations set forth in paragraph 19 of the Compliant only that Freedom Wireless, Inc. filed a patent infringement action in the United States District Court for the District of Massachusetts against CXP and/or BCGI and others claiming that CXP

and/or BCGI's prepaid connection platform infringed on its patented technology (the "Patent Litigation"). Further responding, Smith Bagley states that it did not enter an appearance in the Patent Litigation and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph.

20. Admits in response to the allegations set forth in paragraph 20 of the Complaint only that a jury determined that the platform used by CXP and/or BCGI infringed Freedom Wireless, Inc.'s patent and awarded substantial damages. Further responding, Smith Bagley states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph.

21. States in response to the allegations set forth in paragraph 21 of the Complaint that the record in the Patent Litigation speaks for itself and denies the allegations to the extent they are inconsistent with the record in the Patent Litigation.

22. Admits in response to the allegations set forth in paragraph 22 of the Complaint that on or about October 12, 2005 the United States District Court for the District of Massachusetts entered an injunction (the "Injunction") prohibiting CXP and/or BCGI from undertaking certain activities including "making, using, selling or offering to sell the prepaid wireless service implementations – multi-frequency (MF), common channel signaling system seven (SS7), and pre-intelligent network (pre-IN) – found to infringe Plaintiff Freedom Wireless, Inc.'s patents."

23. Admits in response to the allegations set forth in paragraph 23 of the Complaint that the Injunction further prohibited CXP and/or BCGI from adding any new prepaid customers and ordered that their current customers, including Smith Bagley, use the remainder of their prepaid balances and find alternate carriers within 90 days from the date of the Injunction.

Further responding, Smith Bagley states that the Injunction was effective immediately, but that it had 90 days in which to obtain services from an alternative carrier to avoid independent liability to Freedom Wireless, Inc.

24. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint.

25. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Complaint.

26. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint.

27. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Complaint.

28. Admits in response to the allegations set forth in paragraph 28 of the Complaint only that by letter dated January 17, 2006 Smith Bagley notified BCGI of its intent to terminate the Prepaid Connection Agreement effective January 31, 2006 (the "Termination Letter"). Further responding, Smith Bagley states that the Termination Letter speaks for itself and denies the allegations to the extent they are inconsistent with the Termination Letter. Further responding, Smith Bagley states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

29. Admits in response to the allegations set forth in paragraph 29 of the Complaint only that the Termination Letter is dated January 17, 2006 and that at some point thereafter Smith Bagley informed CXP and/or BCGI that it had begun migrating its customers to a different service provider. Further responding, Smith Bagley states that it is without knowledge

or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph.

30.  States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Complaint.

31.  Admits in response to the allegations set forth in paragraph 31 of the Complaint only that Smith Bagley substituted the infringing services provided by CXP and/or BCGI with services provided by VeriSign. Further responding, Smith Bagley denies any remaining allegations set forth in this paragraph.

32.  Denies the allegations set forth in paragraph 32 of the Complaint.

33.  States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the Complaint.

34.  States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Complaint.

35.  Denies the allegations set forth in paragraph 35 of the Complaint.

36.  States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the Complaint.

37.  Repeats, restates and incorporates by reference herein in response to the allegations set forth in paragraph 37 of the Complaint its responses to paragraphs 1 through 36, inclusive.

38.  Denies the allegations set forth in paragraph 38 of the Complaint.

39.  Denies the allegations set forth in paragraph 39 of the Complaint.

40.  Denies the allegations set forth in paragraph 40 of the Complaint.

41.  Denies the allegations set forth in paragraph 41 of the Complaint.

42. Repeats, restates and incorporates by reference herein in response to the allegations set forth in paragraph 42 of the Complaint its responses to paragraphs 1 through 41, inclusive.

43. Denies the allegations set forth in paragraph 43 of the Complaint.

44. Denies the allegations set forth in paragraph 44 of the Complaint.

45. Denies the allegations set forth in paragraph 45 of the Complaint.

## PRAYERS FOR RELIEF

Smith Bagley denies the requests contained in the prayer for relief.

Smith Bagley denies each and every allegation in the plaintiffs' Complaint that is not expressly admitted in this Answer. Smith Bagley reserves the right to assert additional defenses and matters in avoidance that may be disclosed by additional investigation and discovery.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

The plaintiffs have failed to mitigate their damages, if any.

## THIRD DEFENSE

To the extent Smith Bagley had any obligations to CXP and/or BCGI, such obligations have been performed fully, completely and properly in all respects.

## FOURTH DEFENSE

All conditions precedent to the Prepaid Connection Agreement have not been satisfied.

## FIFTH DEFENSE

The plaintiffs' claims are barred because the plaintiffs materially breached the Prepaid Connection Agreement prior to Smith Bagley's termination.

## SIXTH DEFENSE

The plaintiffs' claims are barred because the plaintiffs were forbidden by law to provide and/or perform under the Prepaid Connection Agreement.

## SEVENTH DEFENSE

The plaintiffs' claims are barred because performance under the Prepaid Connection Agreement was impossible.

## EIGHTH DEFENSE

The plaintiffs' claims are barred because the essential purpose of the Prepaid Connection Agreement was frustrated.

## NINTH DEFENSE

The plaintiffs' claims are barred due to a mistake relating to the Prepaid Connection Agreement.

## TENTH DEFENSE

The plaintiffs' claims are barred because they are predicated on the performance of an illegal contract.

## ELEVENTH DEFENSE

The obligations contained in the Prepaid Connection Agreement that are the subject of the Complaint are unreasonable and unconscionable and, therefore, Smith Bagley is not obligated to perform under it.

## TWELFTH DEFENSE

Smith Bagley has been released from its obligations under the Prepaid Connection Agreement.

## THIRTEENTH DEFENSE

The Prepaid Connection Agreement is a contract of adhesion and Smith Bagley therefore is not obligated to perform under it.

## FOURTEENTH DEFENSE

The obligations contained in the Prepaid Connection Agreement that are the subject of the Complaint are contrary to public policy and unenforceable.

## FIFTEENTH DEFENSE

The obligations contained in the Prepaid Connection Agreement that are the subject of the Complaint constitute a restraint of trade and are unenforceable.

## SIXTEENTH DEFENSE

The plaintiffs' claims are barred because of their own breach of the Prepaid Connection Agreement.

## SEVENTEENTH DEFENSE

The plaintiffs' breach of contract claim fails as a matter of law, because a contract to do a thing that cannot be performed without a violation of the law is unenforceable.

## EIGHTEENTH DEFENSE

The plaintiffs' claims are barred because Smith Bagley's conduct was proper, lawful, privileged, supported by good cause and so justified.

## NINETEENTH DEFENSE

Smith Bagley intends to add and rely upon such other and further defenses as may become apparent during discovery of this action and reserves the right to amend its answer to assert such defenses.

WHEREFORE, Smith Bagley, Inc. d/b/a Cellular One of Northeast Arizona prays:

1. That judgment enter on its behalf on all counts of the Complaint;

2. That it be awarded its costs, including attorneys' fees, incurred in connection with this action; and

3. That it be awarded such other and further relief as this Court deems just and proper.

        SMITH BAGLEY, INC. d/b/a
        CELLULAR ONE OF NORTHEAST ARIZONA,

        Respectfully submitted,

        HOLLAND & KNIGHT LLP

        _____
        Leo G. Rydzewski (D.C. Bar No. 459979)
        2099 Pennsylvania Avenue, N.W., Suite 100
        Washington, D.C. 20006
        (202) 955-3000
        (202) 955-5564 – fax
        Counsel for Defendant

        James D. Smeallie *(pro hac pending)*
        Elizabeth M. Mitchell *(pro hac pending)*
        HOLLAND & KNIGHT LLP
        10 St. James Avenue
        Boston, MA 02116
        (617) 523-2700

Dated: May 17, 2007