IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

CELLULAR EXPRESS, INC. d/b/a BOSTON
COMMUNICATIONS GROUP AND BOSTON
COMMUNICATIONS GROUP, INC.,

        Plaintiffs,

v.

SMITH BAGLEY, INC. d/b/a CELLULAR ONE
OF NORTHEAST ARIZONA,

        Defendant.

Case:  1:07-cv-00694 (RBW)

**JOINT MEET AND CONFER STATEMENT
AND LCvR 16.3 REPORT**

Pursuant to Local Rule of Civil Procedure 16.3(c) and Federal Rule of Civil Procedure 26, the plaintiffs, Cellular Express, Inc. d/b/a Boston Communications Group and Boston Communications Group, Inc. (collectively, "BCGI"), and the defendant, Smith Bagley, Inc. d/b/a Cellular One Of Northeast Arizona ("Smith Bagley"), hereby submit their Joint Meet and Confer Statement and LCvR 16.3 Report, which includes a brief statement of the case and the statutory basis for all causes of action and defenses, and addresses the topics listed in Local Rule 16.3(c).  The parties include as an attachment their proposed scheduling order.

**I.     BRIEF STATEMENT OF CASE**

BCGI is in the business of providing mobile telecommunications billing services.  Smith Bagley is in the business of providing cellular mobile services.  On or about March 1, 2000, BCGI and Smith Bagley entered into the Prepaid Connection Agreement ("PCA"), in which Smith Bagley agreed to purchase certain wireless systems and services from BCGI according to the terms provided in the PCA.

BCGI alleges that Smith Bagley improperly terminated the PCA following entry of a verdict of patent infringement against BCGI in the United States District Court for the District of

Massachusetts ("Patent Litigation") and the subsequent issuance of an injunction on or about October 12, 2005. The injunction precluded BCGI from selling the prepaid wireless service implementations found to infringe the relevant products and provided a 90-day grace period for customers like Smith Bagley to find an alternative carrier. On October 20, 2005, BCGI noticed an appeal, and on November 14, 2005 it filed an emergency motion with the Federal Circuit to stay the injunction. On November 15, 2005, the Federal Circuit temporarily stayed the injunction, and on December 15, 2005, the Federal Circuit extended the stay for the pendency of the appeal. On December 19, 2005, BCGI advised Smith Bagley in writing that the injunction had been stayed pending appeal. By letter dated January 17, 2006, Smith Bagley terminated the PCA as of January 31, 2006 and migrated its customers to another provider. In July 2006, the parties to the Patent Litigation entered a settlement agreement that was contingent on the trial court's vacating the injunction and through which BCGI obtained a license to sell the infringing prepaid wireless service implementations found to infringe the relevant products. On October 12, 2006, the District Court vacated the Injunction.

    BCGI contends that Smith Bagley's termination was in breach of the PCA and Smith Bagley's duty of good faith and fair dealing based upon BCGI's position that the injunction never took effect, because, according to BCGI, it timely informed Smith Bagley of the stay of the injunction, and because BCGI obtained a license to sell the infringing product. Conversely, Smith Bagley contends that the verdict of infringement and the subsequent injunction constituted a breach of the PCA by BCGI or, alternatively, that its termination of the PCA was justified and/or appropriate under the circumstances given that, among other things, Smith Bagley's continued use of the infringing product could have subjected it to direct liability to the plaintiff in the patent lawsuit.

**II.     STATUTORY BASIS FOR CAUSES OF ACTION AND DEFENSES**

BCGI brings its claims pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and BCGI claims an amount in controversy that exceeds $75,000.  At this time, the parties do not believe there are statutory bases for the causes of action and substantive defenses in the case.

**III.    LOCAL RULE 16.3(c) TOPICS**

    1.    Dispositive Motions

The parties agree that dispositive motions relating to liability are likely to be appropriate in this matter.

    2.    Deadline for Joinder, Amendment of Pleadings and Narrowing of Factual/Legal Issues

The parties do not think that additional parties will be joined or that amendment of the pleadings will be necessary.  The parties believe it likely that they will be able to stipulate to a number of material facts, and they are in the process of attempting in good faith to stipulate to such facts in order to narrow the scope and extent of fact discovery.  The parties have agreed to defer the commencement of discovery (not including initial disclosures) until August 29, 2007 while they attempt to stipulate to material facts.  In the event the parties are unable to agree on stipulated facts resulting in a narrowing of the scope and extent of discovery that BCGI believes sufficient to adequately protect its interests at that time, BCGI reserves the right to file a summary judgment motion and seek to stay fact discovery while that motion is pending.

    3.    Assignment to Magistrate Judge

The parties do not wish for an assignment to a Magistrate Judge at this time.

    4.    Settlement

The parties are open to discussing settlement at an appropriate juncture in this matter.

5.      Alternate Dispute Resolution

Counsel for the parties have discussed alternative dispute resolution with their respective clients, who have expressed a willingness to consider mediation at an appropriate juncture in this matter.

6.      Summary Judgment / Motion to Dismiss

The parties agree that resolution of liability through summary judgment may be appropriate in this matter. They propose a deadline of April 30, 2008, for filing motions for summary judgment.

7.      Initial Disclosures

The parties propose exchanging initial disclosures not later than August 9, 2007.

8.      Discovery

   a.    The Parties' Proposed Schedule

The parties jointly propose the discovery schedule set forth below. However, to the extent the parties are unable in good faith to stipulate to material facts, as contemplated in Paragraph 2 herein, BCGI reserves the right to file a motion for summary judgment and move to stay discovery while that motion is pending.

Initial disclosures by August 9, 2007

Stipulation of material facts by August 29, 2007

Fact discovery completed by December 31, 2007

Plaintiffs' expert disclosures by January 31, 2008

Defendant's expert disclosures by February 28, 2008

Expert depositions completed by March 31, 2008

Summary judgment motions filed by April 30, 2008

Oppositions due 21 days after service of motion

Replies due 10 days after service of opposition

4

Hearing on summary judgment motions within 21 days of filing of replies

Pretrial Conference by July 15, 2008

Trial date assigned at Pretrial Conference

     b.     <u>Protective Order</u>

The parties anticipate the need for a protective order to protect the disclosure of confidential and/or proprietary business information.

9.     <u>Expert Witnesses</u>

The parties' proposed schedule above anticipates a modification of the requirements of Fed. R. Civ. P. 26(a)(2) regarding expert disclosures and sets out a timetable for expert depositions.

10.     <u>Class Actions</u>

Not applicable.

11.     <u>Bifurcation of Trial / Discovery</u>

The parties respectfully suggest that bifurcation of any trial and/or of discovery in this matter is not necessary.

12.     <u>Pretrial Conference</u>

The parties propose that the Court set a pretrial conference by July 15, 2008.

13.     <u>Firm Trial Date</u>

The parties respectfully suggest that it is not necessary to set a firm trial date at this time, and ask that a trial date be set at the Pretrial Conference.

14.     <u>Other Matters</u>

At this time, the parties do not foresee other matters that need to be included in a scheduling order.

| CELLULAR EXPRESS, INC. d/b/a BOSTON COMMUNICATIONS GROUP AND BOSTON COMMUNICATIONS GROUP, INC., | SMITH BAGLEY, INC. d/b/a CELLULAR ONE OF NORTHEAST ARIZONA, |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| LONDON & MEAD | HOLLAND & KNIGHT LLP |
| _____/s/_____ | _____/s/_____ |
| Mark London (D.C. Bar No. 293548) | Leo G. Rydzewski (D.C. Bar No. 459979) |
| Christopher B. Mead (D.C. Bar No. 411598) | 2099 Pennsylvania Avenue, N.W., Suite 100 |
| 1225 19th Street, N.W., Suite 320 | Washington, D.C. 20006 |
| Washington, D.C. 20036 | (202) 955-3000 |
| (202) 331-3334 | (202) 955-5564 – fax |
| Counsel for Plaintiffs | Counsel for Defendant |
| | James D. Smeallie *(admitted pro hac)* |
| | Elizabeth M. Mitchell *(admitted pro hac)* |
| | HOLLAND & KNIGHT LLP |
| | 10 St. James Avenue |
| | Boston, MA 02116 |
| | (617) 523-2700 |

Dated: July 24, 2007

## Certificate of Service

I hereby certify that on July 24, 2007, a true and correct copy of the foregoing **Joint Meet and Confer Statement and LCvR 16.3 Report** was served via the Court's electronic filing system which sends notification to the following parties:

Leo G. Rydzewski (D.C. Bar No. 459979)
2099 Pennsylvania Avenue, N.W., Suite 100
Washington, D.C. 20006
(202) 955-3000
(202) 955-5564 – fax
Counsel for Defendant

James D. Smeallie *(admitted pro hac)*
Elizabeth M. Mitchell *(admitted pro hac)*
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA 02116
Counsel for Defendant

              /s/
        Christopher B. Mead

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| CELLULAR EXPRESS, INC. d/b/a BOSTON COMMUNICATIONS GROUP AND BOSTON COMMUNICATIONS GROUP, INC., <br>    Plaintiffs, <br><br> v. <br><br> SMITH BAGLEY, INC. d/b/a CELLULAR ONE OF NORTHEAST ARIZONA, <br>    Defendant. | Case: 1:07-cv-00694 (RBW) |

## [JOINT PROPOSED] SCHEDULING ORDER

Pursuant to Fed. R. Civ. P. 26 and LCvR 16 of the Local Rules, the following schedule shall apply to this action:

1. Initial disclosures by August 9, 2007;

2. Stipulation of Material Facts by August 29, 2007

3. Fact discovery completed by December 31, 2007;

4. Plaintiffs' expert disclosures by January 31, 2008;

5. Defendant's expert disclosures by February 28, 2008;

6. Expert depositions completed by March 31, 2008;

7. Summary judgment motions filed by April 30, 2008;

8. Oppositions due 21 days after service of motion;

9. Replies due 10 days after service of opposition;

10. Hearing on summary judgment motions within 21 days of filing of replies;

11. Pretrial Conference by July 15, 2008; and

12. Trial date assigned at Pretrial Conference.

SO ORDERED on this ____ day of August 2007.

_____
REGGIE B. WALTON
United States District Court Judge