IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| CELLULAR EXPRESS, INC. d/b/a ) <br> BOSTON COMMUNICATIONS GROUP ) <br> AND BOSTON COMMUNICATIONS ) <br> GROUP, INC. ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> SMITH BAGLEY, INC. d/b/a ) <br> CELLULAR ONE OF NORTHEAST ) <br> ARIZONA ) <br> ) <br> Defendant. ) <br> _____) | CIVIL ACTION NO: 07-694 (rbw) |

**MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO STAY
ACTIVITY IN CASE UNTIL AFTER CONCLUSION OF MEDIATION AND
IMPLEMENTATION OF RULE 16.4 SCHEDULING ORDER**

Plaintiffs Cellular Express, Inc. d/b/a Boston Communications Group and Boston Communications Group, Inc. (collectively, "BCGI") respectfully submit this Memorandum in Opposition to the motion by Defendant Smith Bagley, Inc. d/b/a Cellular One of Northeast Arizona ("Smith Bagley") to stay all activity in this case. Defendant's motion should be summarily denied. It is a transparent stall tactic that is not only inconsistent with the direction of this Court at the September 13 status conference, but also substantively baseless.

At the September 13 conference, Plaintiffs indicated their intention to file a summary judgment motion, which they did on September 28. In response to Defendants' request to stay briefing of the anticipated motion, the Court stated that it would stay briefing **only** in the event that Defendant, consistent with Federal Rule of Civil Procedure 56(f), could identify specific facts that it claimed it could not present to justify its opposition and upon which it claimed discovery was required. Defendant has failed—and, indeed, not even tried—to make the necessary showing. Its motion is entirely silent about the substance of the summary

judgment motion.  Defendant does not identify a single fact that it claims it cannot present to justify its opposition, nor does it even assert that discovery is required in order to develop such facts.  This is not surprising:  There are no facts that Defendant needs to develop in discovery in order to oppose the summary judgment motion, and Defendant has never contended—even during the process by which the parties stipulated to numerous facts—that there were any material facts in dispute that would preclude adjudication of liability as a matter of law.  In short, Defendant has not done what, according to this Court and Rule 56(f), is required in order to defer briefing of the summary judgment motion.  Its motion to indefinitely stay this case therefore should be denied.

As if more were needed (it is not), Defendant's motion is substantively futile.  Defendant claims that a stay is required lest the parties "engage in what could be costly discovery and/or defense of motions for summary judgment."  Mot. at 2.  What Defendant does not tell the Court, however, is that no party has even initiated discovery; in fact, no written discovery has been propounded, and no depositions have been noticed.  Nor does Defendant explain why it would be so "costly" to oppose a rather straightforward, 12-page summary judgment motion that is based on the clear and unambiguous terms of the Prepaid Connection Agreement between the parties.  "[E]fficiencies" will not be "maximize[d]"—to use Defendant's words—by deferring briefing of the summary judgment motion; quite to the contrary, having the parties brief liability issues will serve to crystallize their respective positions, inform Magistrate Robinson of the issues, and facilitate the upcoming mediation.  Accordingly, there is no basis for deferring briefing of Plaintiff's summary judgment motion.

## CONCLUSION

For the foregoing reasons, BCGI respectfully requests that Defendant's motion be denied.

Respectfully submitted,

/s Christopher B. Mead_____
Mark London (D.C. Bar No. 293548)
Christopher B. Mead (D.C. Bar No. 411598)
1225 19th Street, N.W., Suite 320
Washington, D.C.  20036
(202) 331-3334
*Counsel for Plaintiffs*

Dated: October 8, 2007

## Certificate of Service

I hereby certify that on October 8, 2007, a true and correct copy of Plaintiffs' Opposition to Motion to Stay Activity in Case Until After Conclusion of Mediation and Implementation of Rule 16.4 Scheduling Order and Proposed Order were served on the following parties via the Court's electronic filing system:

Leo G. Rydzewski (D.C. Bar No. 459979)
2099 Pennsylvania Avenue, N.W., Suite 100
Washington, D.C. 20006
(202) 955-3000
(202) 955-5564 – fax
Counsel for Defendant

James D. Smeallie (*admitted pro hac*)
Elizabeth M. Mitchell (*admitted pro hac*)
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA 02116
Counsel for Defendant

                                        /s/ Christopher B. Mead
                                        Christopher B. Mead

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| CELLULAR EXPRESS, INC. d/b/a ) <br> BOSTON COMMUNICATIONS GROUP ) <br> AND BOSTON COMMUNICATIONS ) <br> GROUP, INC. ) <br>       ) <br>   Plaintiffs,   ) <br>       ) <br>   v.   ) <br>       ) <br> SMITH BAGLEY, INC. d/b/a ) <br> CELLULAR ONE OF NORTHEAST ) <br> ARIZONA ) <br>       ) <br>   Defendant.   ) <br> _____) | CIVIL ACTION NO: 07-694 (rbw) |

## [PROPOSED] ORDER

Upon consideration of Defendant's Motion to Stay Activity in Case Until After Conclusion of Mediation and Implementation of Local Rule 16.4 Scheduling Order, Plaintiffs' Opposition, and any related documents, it is hereby ORDERED that the foregoing motion is DENIED.

SO ORDERED on this \_\_\_\_ day of \_\_\_\_, 2007.

_____
Reggie B. Walton
United States District Court Judge

**Copies to:**

Mark London
Christopher B. Mead (D.C. Bar No. 411598)
1225 19th Street, N.W., Suite 320
Washington, D.C. 20036

Leo G. Rydzewski
2099 Pennsylvania Avenue, N.W., Suite 100
Washington, D.C. 20006

James D. Smeallie
Elizabeth M. Mitchell
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA 02116