IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| CELLULAR EXPRESS, INC. d/b/a BOSTON COMMUNICATIONS GROUP AND BOSTON COMMUNICATIONS GROUP, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>SMITH BAGLEY, INC. d/b/a CELLULAR ONE OF NORTHEAST ARIZONA,<br><br>Defendant. | Case: 1:07-cv-00694-RBW |

**REPLY OF SMITH BAGLEY, INC. d/b/a CELLULAR ONE OF NORTHEAST ARIZONA IN FURTHER SUPPORT OF MOTION TO STAY ACTIVITY IN CASE UNTIL AFTER CONCLUSION OF MEDIATION AND IMPLEMENTATION OF LOCAL RULE 16.4 SCHEDULING ORDER**

Defendant, Smith Bagley, Inc. d/b/a Cellular One Of Northeast Arizona ("Smith Bagley"), hereby respectively submits this reply in further support of its motion to stay activity in this matter until after conclusion of mediation and implementation of a scheduling order in accordance with Local Rule 16.4, if necessary.

Smith Bagley agreed to pursue early mediation with the plaintiffs, Cellular Express, Inc. d/b/a Boston Communications Group and Boston Communications Group, Inc. ("BCGI"), in a good faith attempt to resolve this dispute before engaging in extensive litigation activity. Pursuant to the Court's directive at the September 13, 2007 status conference, the parties notified the Court that they agreed to utilize the Court's resources by participating in mediation before a magistrate judge. Magistrate Judge Robinson subsequently scheduled an initial settlement conference for October 31, 2007, and the parties are preparing for that conference.

Neither judicial economy nor the goals of early mediation will be advanced by the simultaneous utilization of the Court's limited resources for both mediation and litigation. Therefore, Smith Bagley filed this motion, seeking a brief stay of the proceedings, including Smith Bagley's response to BCGI's summary judgment motion, until after the parties are able to complete that mediation process and the Court issues its Local Rule 16.4 Scheduling Order.

BCGI rests its opposition to this request primarily upon the allegation that the Court at the September 13 status conference prohibited Smith Bagley from filing a motion for stay. The Court will have the best recollection of what transpired at that hearing, but Smith Bagley does not agree with BCGI. While the parties and the Court addressed Smith Bagley's potential filing of a Rule 56(f) motion at the status conference, Smith Bagley did not understand the Court to have entered an order limiting the type of motion that Smith Bagley could file, particularly since Smith Bagley did not specifically ask the Court at that conference to grant the relief that Smith Bagley seeks through this motion.

Rather, at the September 13 conference, the Court suggested that if Smith Bagley were to present a 56(f) motion demonstrating the need to conduct discovery before opposing summary judgment, the Court was inclined to permit the conduct of such discovery. Given the upcoming settlement conference and the opportunity to proceed with mediation before Magistrate Judge Robinson, Smith Bagley seeks to avoid the need to engage in discovery until after the mediation process has concluded because if mediation is successful, discovery will be unnecessary. In the event mediation is not successful and there is a need for BCGI's motion for summary judgment to move forward, the parties and the Court may then address a briefing scheduling for summary judgment, including whether there is a need to conduct discovery as outlined in Rule 56(f).

Finally, contrary to BCGI's contention, Smith Bagley does not need to file a 56(f) motion to crystallize the issues for mediation or inform Magistrate Robinson of the issues. Counsel for the parties are meeting with Magistrate Robinson in advance of mediation and will recommend that Magistrate Robinson accept pre-mediation position statements. That should be more than sufficient to provide Magistrate Robinson with the background necessary to facilitate the mediation process. Moreover, the entry of a stay will facilitate mediation efforts because it will avoid the distraction, as well as the accompanying expense, associated with Smith Bagley filing a 56(f) request, BCGI filing an opposition thereto, the resulting discovery and other briefing. Such activities would work against the mediation process.

Based on the reasons set forth in Smith Bagley's moving papers and those contained herein, Smith Bagley respectfully requests that the Court stay further activity in this matter, including discovery and the need to file responses to summary judgment motions, until after the parties conclude the mediation process and the Court establishes a Local Rule 16.4 Scheduling Order, if necessary.

SMITH BAGLEY, INC. d/b/a
CELLULAR ONE OF NORTHEAST ARIZONA,

Respectfully submitted,

HOLLAND & KNIGHT LLP


/s/ Leo G. Rydzewski
Leo G. Rydzewski (D.C. Bar No. 459979)
2099 Pennsylvania Avenue, N.W., Suite 100
Washington, D.C. 20006
(202) 955-3000
(202) 955-5564 – fax
Counsel for Defendant

James D. Smeallie *(admitted pro hac)*
Elizabeth M. Mitchell *(admitted pro hac)*
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA 02116
(617) 523-2700

Dated: October 10, 2007